**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YUSEF ROYAL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5985** |
| | : | |
| **DEPARTMENT OF HEALTH, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KENNEY, J.** **August 28, 2026**

Currently before the Court is a Complaint filed by *pro se* Plaintiff Yusef Royal. (ECF No. 2, hereinafter "Compl.") Royal seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will dismiss Royal's Complaint.

## I. FACTUAL ALLEGATIONS[1]

Royal names as Defendants the Department of Health and Pennsylvania Hospital. (*See* Compl. at 1.) The allegations in the one-page Complaint are brief and, in part, incomprehensible. The Complaint is best construed as alleging that someone sneezed or coughed on Royal while he was in Pennsylvania Hospital's emergency department and that Royal considers such behavior to be harassment. (*See id.*) As relief, Royal seeks money damages. (*Id.*)

## II. STANDARD OF REVIEW

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, a district court may take a "flexible approach" and opt to screen the complaint pursuant to 28 U.S.C. § 1915 prior to addressing the *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019)

---

[1] The allegations set forth in the Memorandum are taken from Royal's Complaint. (ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

(*en banc*) ("[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.*; *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (affirming *sua sponte* dismissal of *pro se* complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) where district court screened complaint without determining whether plaintiff was eligible to proceed *in forma pauperis*). Pursuant to *Brown*, the Court will screen Royal's Complaint at this time without first resolving his motion to proceed *in forma pauperis*.

Because Royal is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quotation marks omitted); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of

a case."). The Court has a "continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding." *Pennsylvania v. Thomas E. Proctor Heirs Tr.*, --- F.4th ---, No. 22-1587, 2026 WL 2209403, at *3 (3d Cir. July 31, 2026) (quoting *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869 (3d Cir. 2022)).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Cases that can be heard in federal court include cases based on federal law, known as federal question jurisdiction, *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000, known as diversity jurisdiction, *see* 28 U.S.C. § 1332(a).

Because the Complaint does not provide any factual basis for a federal claim, the Court cannot exercise jurisdiction based on a federal question. *See* 28 U.S.C. § 1331; *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946))); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial" (citation modified)).

Under a liberal reading of the Complaint, it is possible that Royal seeks to present a claim based on state tort law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999)

(stating that liberal construction of a pro se complaint requires that a court "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name"). Nonetheless, Royal cannot proceed on a state tort law claim in this court based on diversity jurisdiction. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Diversity is determined at the time the complaint is filed. *Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citation omitted). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *Id.* (citation omitted). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939).

The Complaint does not allege the citizenship of the parties. However, it appears from the face of the complaint that complete diversity is lacking. Royal lists a Pennsylvania address for himself and Defendant Pennsylvania Hospital is a Pennsylvania entity. *See Eggleton v. Coli*, No. 16-3780, 2017 WL 1196668, at *1 (E.D. Pa. Mar. 31, 2017) (stating that "the record reflects that . . . Defendant Pennsylvania Hospital . . . [is a] citizen[] of Pennsylvania"). Accordingly, Royal has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction to the extent he seeks to pursue a state law claim. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).[2]

---

[2] Further, "[a]s a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Royal's Complaint without prejudice for lack of subject matter jurisdiction. *See Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (stating that a dismissal for lack of jurisdiction should normally be without prejudice). However, Royal will not be granted leave to amend because, under the circumstances of this case, amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Royal may attempt to pursue his claims in state court if he chooses to do so.[3] The motion to proceed *in forma pauperis* will be denied as moot given the dismissal.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

for less than the jurisdictional amount to justify dismissal.'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938))). It appears that Royal seeks either $75 or $75,000 in damages. (*See* Compl. at 1.) In any event, because Royal has not adequately pled complete diversity, the Court need not address whether the amount in controversy requirement is met.

Additionally, the Court lacks jurisdiction over claims brought against the "Department of Health," which the Court construes to be the Pennsylvania Department of Health. *See* 71 Pa. Cons. Stat. § 1403. The Eleventh Amendment bars suits against an unconsenting state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b).

[3] The Court expresses no opinion on the merits of any such claims.